In the Matter of the Application of D. DAVID DALEY, Appellant, for a Mandamus Order against JAMES BYRNE and Others, Constituting The Board of Regents of the State of New York, Respondents.

Third Department, April 28, 1937.

*Abraham H. Sarasohn*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General,* and *Dorothy U. Smith, Assistant Attorney-General,* of counsel], for the respondents.

McNAMEE, J. The petitioner applied for an alternative mandamus order to compel the Department of Education to issue to him a license to practice osteopathy. The petitioner alleges that

he was graduated from the Milwaukee College of Osteopathy on June 22, 1901, after regular attendance there as a student for three college years; that he practiced osteopathy in New York from August 18, 1901, to December, 1906, or January, 1907; and from that time on he practiced in the States of New Jersey and Vermont for a number of years, but never thereafter practiced in New York.

The petitioner bases his right to a license at this time primarily on section 14 of chapter 344 of the Laws of 1907. That statute, in so far as applicable here, provides that " any person who shall be actively engaged in the practice of osteopathy in the State of New York *on the date of the passage of this act,* * * * shall upon application and payment of ten dollars be granted, without examination, a license to practice osteopathy, provided application for such license be made within six months after the passage of this act."

The petitioner did not make application for the license provided for in the section mentioned, as therein provided. But he applied on April 29, 1932, to have extended to him the benefits of that act, pursuant to an amendment of section 51 of the Education Law (Laws of 1928, chap. 537). This amendment is an enabling act which authorizes the Board of Regents to grant a license to practice certain professions or callings, upon excusable failure to apply for a license within the statutory period and in regular course. The amendment provides, in so far as material, that " In the event any person * * * who is not registered or licensed because of some error, misunderstanding, unintentional omission, or other cause which the Regents may determine to be excusable, shall submit to the Regents satisfactory proof that he possessed all the requirements prescribed by law *at the time required* for registration or license, or their equivalents, he may, by action of the Regents, receive from the Education Department a license * * * which * * * shall remedy such failure to apply for or to receive such license, and such license * * * shall include the date on which such person could or should have registered or could or should have applied for or received such license, and his * * * license * * * shall be deemed to have been valid and corrected from that date."

It appears from the allegations of the petition that the petitioner on the date when the first mentioned statute was passed, May 13, 1907, was not actively engaged in the practice of osteopathy in the State of New York, and that he was never actively engaged in that practice in this State at any time thereafter. On the contrary, the petition shows that from January, 1907, until some

time in the year 1919, the petitioner conducted his practice in the States of New Jersey and Vermont.

The petitioner did not possess the requirement of local practice when the act of 1907 was passed; and it is not easy to understand why the petitioner urges his right to a license in this State, unless it be that on the theory of the " equivalents " mentioned in section 51, and that practice in New Jersey and Vermont was the " equivalent " of practice in New York. The application here is not based on qualifications accepted by other States, and five years' practice therein. On the contrary, the petitioner places his failure to be licensed, and urges his claim, on grounds stated in section 51, as amended, viz., error, misunderstanding or unintentional omission. But the departure and absence of the petitioner from this State, and his failure to practice therein, were not due to any of those causes. The fact is he did not practice here, and for all that appears in the petition he was not even a citizen or resident of the State. We are not prepared to hold that the Legislature, by either act mentioned, intended to admit to the practice of osteopathy in this State, without an examination, all of those who were practicing osteopathy in other States when the 1907 statute was enacted, and who were not otherwise subject to our laws.

Consideration of this case might well stop here were it not for the contention that the act of the Regents or the Department of Education should not be reviewed by mandamus, but by certiorari. Here the proceeding brought was mandamus, and defendants made their return. The form and character of the return give indication that certiorari would not have been possible in this case, as there appears to have been no formal record made, that much of the evidence considered was mere hearsay and inadmissible, and there were no findings nor determination, and, therefore, nothing to review. Legal evidence, findings and a determination are necessary in certiorari, when a petition is denied, so that the reviewing tribunal will know what facts are found, on what evidence, and on what the determination rests. (*Matter of Elite Dairy Products* v. *Ten Eyck*, 271 N. Y. 488.) Accordingly, even if this were to be regarded as a proper case for certiorari, it could not be reviewed on this record.

It would appear from the argument of the defendants that the statutes in question should be regarded as a whole in determining whether a proceeding should be reviewed by mandamus or certiorari. Such a view is not maintainable. Apart from statutory authority, it would be more accurate to say that it is the nature of the particular duty resting on the officer or body and the manner

of its performance that will determine the kind of proceeding necessary. It has been held, and we think correctly, that mandamus is the proper proceeding to enforce rights when only the statute of 1907 is involved. (*People ex rel. Scott* v. *Reid*, 135 App. Div. 89, 92, 93.) It is that statute which forms the basis of this decision. To say that all proceedings involving any degree of discretion or judgment must be reviewed by certiorari, would be an extravagance. Most ministerial acts require the exercise of some judgment and discretion in order to perform them intelligently. This is true even in a case where a deed of real property is presented to the county clerk for record. He must see that the deed is in such form and so executed as to entitle it to be recorded. To a greater or less extent this is true of all ministerial acts. And a decision whether any acts which the Department of Education is required to perform under section 51 of the Education Law should be reviewed by certiorari is not necessary to a disposition of this case. And, it may be added, if this proceeding had been confined to its proper limits, much of the uncertainty entertained by the defendants would have been removed, and much utterly illegal evidence would have been omitted from the supporting affidavits, as well as from the return.

Upon the petitioner's own showing, he was not actively engaged in the practice of osteopathy in this State on May 13, 1907, nor at any time thereafter. In view of that fact, chapter 537 of the Laws of 1928 did not apply to him, and the Education Department was not authorized to issue the license sought. The petitioner was not entitled to an order of mandamus, either peremptory or alternative.

The order of the Special Term should be affirmed, with costs.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., concurs in the result.

Order affirmed, with costs.